IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-10591
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GLENN HOWARD COTTON,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:96-CR-114-A(1)
- - - - - - - - - -
March 11, 1998

Before DUHÉ, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Glenn Howard Cotton appeals his jury trial conviction for six counts of interference with interstate commerce through robbery and six counts of use of a firearm in connection with a crime of violence. The district court did not err in refusing to allow hearsay evidence of a codefendant's statement regarding the guns used in the robbery. See Williamson v. United States, 512 U.S. 594, 599-600 (1994). The court did not err in allowing Holland to testify that the robbery affected interstate commerce.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Fed. R. Evid. 701, 702, 704(a). The district court applied the correct standard to determine whether the robberies affected interstate commerce, and the evidence was sufficient for conviction under that standard. See United States v. Hebert, 131 F.3d 514, 520-21 (5th Cir. 1997). The evidence was also sufficient, when all inferences are drawn in favor of the verdict, to convict for each count of using a firearm in relation to a crime of violence. See United States v. Martinez, 975 F.2d 159, 160-61 (5th Cir. 1992). Cotton's argument that the Hobbs Act is unconstitutional is foreclosed by this court's decision in United States v. Robinson, 119 F.3d 1205, 1212-16 (5th Cir. 1997), petition for cert. filed, No. 97-7566 (Nov 06, 1997). Cotton's argument that his conviction on the firearm offenses violates the Double Jeopardy Clause of the Constitution is precluded by United States v. Parker, 73 F.3d 48, 55 (5th Cir. 1996), reinstated in relevant part, United States v. Parker, 104 F.3d 72, 73 (en banc).

AFFIRMED.